**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

CHARLES STEVENS,

Petitioner,

v.

KEVIN CHAPPELL,

Acting Warden of San Quentin State Prison,

Respondent.

No. C 09-137 WHA

**DEATH-PENALTY CASE**

**ORDER GRANTING EQUITABLE TOLLING**

## INTRODUCTION

Petitioner is a condemned inmate at San Quentin State Prison. On January 12, 2009, petitioner initiated the present habeas corpus action when he asked this Court to appoint counsel and to stay his execution pending the completion of this action. On January 13, 2009, the Court granted petitioner's requests and referred the matter to the District Court's Selection Board for the recommendation of counsel to represent petitioner.

This Court issued an order appointing counsel on February 9, 2012. On June 13, 2012, petitioner filed the present motion for equitable tolling. Petitioner moves to toll the applicable statute of limitations until the date of appointment of counsel, so that his counsel may have one year to prepare a finalized petition. For the reasons set forth below, petitioner's motion is **GRANTED.**

## ANALYSIS

A one-year statute of limitations applies to federal habeas petitions filed by state prisoners, and starts to run when the state court judgment becomes final. 28 U.S.C. § 2244(d). Petitioner seeks to toll the statute of limitations until February 11, 2013, one year after the date

federal counsel was appointed.[1]

The statute of limitations in this case began running on January 7, 2008, when petitioner's writ of certiorari was denied by the United States Supreme Court. 28 U.S.C. § 2244(d). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.' § 2244(d)(2)." *Day v. McDonough*, 547 U.S. 198, 201 (2006). Petitioner's state habeas corpus petition, filed September 29, 2003, was denied on August 26, 2009. Thus, from January 7, 2008 until August 26, 2009, the statute of limitations was stopped.

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). A federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). This determination is made "on a case-by-case basis." *Id.* at 2653 (internal quotation marks omitted).

An indigent capital habeas petitioner has a statutory right to counsel. 18 U.S.C. § 3599(a)(2). This right includes "a right to legal assistance in the preparation of a habeas corpus application." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Considering the complex nature of capital habeas proceedings and the seriousness of the death penalty, an attorney's assistance in preparing a capital habeas petition is crucial. *Id.* at 855–856. In particular, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *Id*. at 858. Accordingly,

> when a condemned prisoner has requested counsel and counsel is not appointed until after the deadline for filing a timely petition has passed, the lack of counsel is an extraordinary circumstance that stands in the prisoner's way and prevents the timely filing of a petition that has been prepared with the assistance of counsel, which is the petition that the prisoner has a right to file.

*Jablonski v. Martel*, No. 3-7-cv-3302-SI, slip op. at 2–3 (N.D. Cal. Sept. 9, 2011) (Order Granting Motion for Equitable Tolling); *see also, Smith v. Ayers*, No. 3-4-cv-3436-CRB (N.D.

---

[1] Because February 9, 2013 falls on a Saturday, petitioner requests tolling until Monday, February 11, 2013.

Cal. Jan. 8, 2009); *Stanley v. Martel*, No. 3-7-cv-4727-EMC (N.D. Cal. July 26, 2011); *Bolden v. Martel*, No. 4-9-cv-2365-PJH (N.D. Cal. Dec. 5, 2011). Indeed, "were the Court to hold otherwise, a capital habeas petitioner's right to counsel would be thoroughly eviscerated." *Smith*, slip op. at 3.

Such is the case for petitioner. Although petitioner was entitled to counsel per the order filed on January 13, 2009, the Court was unable to appoint counsel until more than three years later on February 9, 2012. The absence of counsel constitutes extraordinary circumstances justifying equitable tolling in this case. In addition, petitioner "has been pursuing his rights diligently," *Holland*, 130 S. Ct. at 2562, as he promptly filed a request for counsel. Furthermore, petitioner wrote letters to the Court, the Selection Board, and various law firms regarding his need for counsel. *See* Petitioner's Exhibits 1-3. Accordingly, petitioner is entitled to equitable tolling of the statute of limitations.

Respondent nonetheless opposes petitioner's motion, arguing that no extraordinary circumstances existed to prevent the filing of the petition. As this Court has already held, lack of counsel constitutes extraordinary circumstances justifying the equitable tolling of the statute of limitations. Respondent argues that numerous non-capital petitioners without counsel file timely petitions; unlike non-capital petitioners, however, capital petitioners have a right to counsel during all stages of their habeas proceedings. 18 U.S.C. § 3599(a)(2). Petitioner is in no way responsible for the delay in appointment of the counsel to which he is entitled by statute; as such, he has demonstrated extraordinary circumstances justifying equitable tolling.

Respondent also maintains that petitioner has already filed a "finalized petition," since he filed a protective petition on August 26, 2010. This petition, although filed by petitioner *in propria persona*, was filed with the assistance of state appellate counsel Richard Targow, who was not at that time (and is not currently) petitioner's appointed counsel for his federal habeas proceedings.[2]

[2] Mr. Targow confirmed in his verification to the protective petition that while he was assisting petitioner, federal counsel had not been appointed and he (Mr. Targow) was not available to represent petitioner in his federal court proceedings. Petition for Writ of Habeas Corpus at 88, Verification.

Protective petitions are authorized under *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Recognizing that there was often substantial delay between the conclusion of direct review and the conclusion of state habeas remedies, the United States Supreme Court in *Pace* instructed habeas petitioners to first file a "protective petition" in federal court within one year of the conclusion of direct review, and subsequently move the federal court "to stay and abey the federal habeas proceedings until state (habeas) remedies are exhausted." *Pace*, 544 U.S. at 416.

Accordingly, the fact that petitioner filed a protective petition while he was unrepresented has no bearing on whether or not he is entitled to equitable tolling in order to file his finalized petition. Respondent cites to no caselaw holding otherwise. Petitioner was diligent in pursuing his rights, and has also demonstrated extraordinary circumstances that prevented the filing of his finalized petition.[3] *Holland*, 130 S. Ct. at 2562.

Having determined that petitioner is entitled to equitable tolling, it remains for the Court to determine the length of the tolling period. The Supreme Court has confirmed that the length of the tolling period is to be made "on a case-by-case basis." *Holland*, 130 S. Ct. at 2563. It is undisputed both that petitioner has a statutory right to counsel to prepare his federal habeas petition and that federal habeas counsel was not appointed until February 9, 2012. Furthermore, a review of the voluminous record demonstrates that this matter is complex. Therefore, the Court finds that petitioner is entitled to one year from counsel's appointment to prepare and to amend the finalized petition as necessary.

Accordingly, and good cause therefor appearing, the Court GRANTS petitioner's motion for equitable tolling, and extends the tolling period for one year following the date counsel was appointed. Thus, petitioner must file his finalized petition on or before February 11, 2013.

**IT IS SO ORDERED**.

DATED: August 20, 2012

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[3] Under our local rules applying to capital habeas proceedings, "[t]he term 'finalized petition' shall refer to the petition filed by retained or appointed counsel. . . ." Habeas L.R. 2254-28(a).