IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES STEVENS,

    Petitioner,

  v.

KELLY MITCHELL, Acting Warden, San Quentin State Prison,

    Respondent.

    /

No. C 09-00137 WHA

**DEATH PENALTY CASE**

**ORDER RE PETITIONER'S REQUEST TO WITHDRAW CERTAIN CLAIMS FROM PETITION**

The Court held a hearing at San Quentin prison with petitioner and petitioner's counsel on December 3, 2014, to hear his "motion to dismiss the penalty appeal" (ECF Dkt. 74). Respondent's counsel appeared at the beginning and end of the hearing, but did not participate in the substantive colloquy. The substantive part of the hearing will remain under seal.

The essence of the problem is whether or not petitioner may direct his counsel to withdraw and waive certain claims from his petition for habeas corpus relief, assuming that the waiver of such claims by petitioner is competent, informed, and voluntary. Put differently, do federal habeas counsel have a duty to make all plausible claims for relief regardless of the client's wishes or does a petitioner have the authority to direct his counsel to abandon certain claims? Counsel requested the opportunity to brief the issue.

Accordingly, counsel for petitioner and respondent shall brief the issue of a petitioner's authority to direct his counsel to withdraw certain claims from his petition even if over the

objection of his own counsel. Such briefs are due on or before **JANUARY 9, 2015**, and are limited to not more than twenty pages each.

The Court further expects that it will appoint, via separate order, additional counsel for petitioner for the sole purpose of representing petitioner in his desire to direct his federal habeas counsel to dismiss or withdraw certain claims from the petition, said brief to be due by **JANUARY 16**.

This order further **FINDS** that petitioner is competent to make a decision to waive and to withdraw the claims at issue, that he is and has been fully informed of the consequences of doing so, including the inability to resurrect these claims at a future date, and that his decision to withdraw and waive those claims is voluntary. For the time being, however, the claims at issue will not be dismissed, pending briefing and further decision.

Petitioner's traverse is still due on **DECEMBER 23, 2014**. However, the traverse need not address claims 13, 14, 17, 19, 20, 22, 26 and 27. A supplemental traverse on these claims may be filed later pending the outcome of petitioner's "motion to dismiss the penalty appeal" (ECF Dkt. 74).

**IT IS SO ORDERED.**

Dated: December 5, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2