IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES STEVENS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON DAVIS, Warden, San Quentin State Prison<br><br>　　　　Respondent.<br>_____/ | No. C 09-137 WHA<br><br>DEATH PENALTY CASE<br><br>**ORDER DENYING PETITIONER'S COUNSEL'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND MOTION TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL** |

**INTRODUCTION**

Petitioner's counsel, Attorneys Robert Bryan and Mark Eibert, have filed a motion seeking certification for interlocutory appeal of the Court's Order Granting Petitioner's Motion to Dismiss Claims, Dkt. No. 109. In that order, claims 13, 14, 17, 19, 20, 22, 26 and 27 were dismissed from the habeas petition. Counsel argue that there is a substantial ground for difference of opinion as to whether petitioner has the authority to dismiss claims from his petition. For the reasons stated herein, petitioner's counsel's motion to certify the Court's order for interlocutory appeal is **DENIED**. The motion to proceed *in forma pauperis* on appeal is **DENIED WITHOUT PREJUDICE**.

**STATEMENT**

Petitioner is a condemned inmate at San Quentin State Prison. On January 12, 2009, petitioner initiated the present habeas corpus action. Counsel for petitioner, Robert Bryan and

Mark Eibert, were appointed on February 9, 2012. Through his appointed counsel, petitioner filed his Amended Petition for Writ of Habeas Corpus on May 21, 2014, asserting 28 claims.

Although represented by counsel, petitioner filed four motions *in propria persona* and without the assistance of counsel. All of them sought to withdraw certain claims on the grounds that petitioner did not authorize them, they lack merit, and they are unsupported by the facts. The most recent such motion was filed on October 20, 2014 (Dkt. No. 74). In other words, petitioner disagreed with Attorneys Robert Bryan and Mark Eibert about whether the claims should be dropped.

On December 3, 2014, the Court held an ex parte hearing at San Quentin State Prison with petitioner and his counsel to discuss the motions to withdraw certain claims from the petition and any other existing or potential conflict. The transcript of that proceeding was sealed (Dkt. No. 92). As a courtesy, respondent's counsel attended the first and last parts of the proceeding (but not the under seal part) and stood by in case their input was needed.

During the proceeding, Attorney Bryan requested the opportunity to brief the issue of whether petitioner had the authority to withdraw certain claims from the habeas petition. That request was granted and respondent was given an opportunity to brief the issue as well (Dkt. No. 83). Since petitioner and Attorneys Bryan and Eibert were in sharp disagreement over the issue, the Court appointed special counsel, Attorney Lori Rifkin, to brief the issue on petitioner's behalf (Dkt. No. 87). Briefs were filed on the issue (Dkt. Nos. 95, 96, and 102). After careful review and consideration, the Court granted petitioner's motion to withdraw certain claims from his petition (Dkt. No. 109).

While that motion was pending, Attorney Bryan further filed a motion for the appointment of a psychiatric expert on the grounds that petitioner may lack capacity to dismiss those claims for which he is unable to recall the factual basis (Dkt. No. 106). That motion was denied (Dkt. No. 108).

Attorneys Bryan and Eibert now seek to certify the order granting dismissal of claims 13, 14, 17, 19, 20, 22, 26 and 27 for interlocutory appeal (Dkt. No. 113). Both respondent and petitioner, through special counsel Attorney Rifkin, have opposed certification of the order

(Dkt. Nos. 117 and 118). Attorneys Bryan and Eibert have filed a reply (Dkt. No. 119).

**ANALYSIS**

Attorneys Bryan and Eibert argue that the order granting dismissal of claims 13, 14, 17, 19, 20, 22, 26 and 27 should be certified for interlocutory appeal under 28 U.S.C. § 1292(b) and Rule 54(b) because the order "involves 'a controlling question of law as to which there is substantial ground for difference of opinion'" (Mot. for Certification, p. 2; *see also* Reply, p. 2). The difference of opinion counsel cite is whether petitioner has the authority to dismiss claims on his own, or whether such a decision is a "trial tactic" that is delegated to counsel alone (Mot. for Certification, pp. 4-5; Reply, pp. 2-6).

Respondent opposes certification for interlocutory appeal because he does not believe that petitioner's counsel have shown "that an appeal would materially advance the litigation" or "'a substantial ground for difference of opinion'" as it pertains which party has the authority to dismiss claims (Resp. Opp., p. 2). Petitioner opposes certification on similar grounds (Petr. Opp., pp. 2-3).

In conjunction with the motion for certification, Attorneys Bryan and Eibert filed a notice of appeal to the court of appeals and a request to proceed *in forma pauperis* on appeal (Dkt. Nos. 114 and 115). In both, they state that the motions are petitioner's, being brought through his attorneys (Motion to Proceed *In Forma Pauperis*, p. 1; Notice of Appeal, p. 1). However, petitioner did not direct anyone to file the notice of appeal nor the motion to proceed *in forma pauperis*, as is evidenced by petitioner's active opposition to the motion for certification.

It is well-established that a defendant or petitioner "has the ultimate authority to make certain fundamental decisions regarding the case," including whether to file an appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Petitioner vigorously fought for the dismissal of certain claims from the petition and has opposed the motion for certification for interlocutory appeal of the dismissal order. Additionally, there is no indication or any documentation filed by Attorney Bryan or Eibert that petitioner consented to or participated in the filing of the notice of appeal. Because the decision whether to seek an appeal rests with petitioner and petitioner clearly does

1  not wish to appeal the dismissal order, it would be improper to certify the order for
2  interlocutory appeal and that motion is, accordingly, denied.  For this reason, the Court also
3  denies the motion to proceed *in forma pauperis* without prejudice to renewal should petitioner
4  direct counsel to file an appeal.

5       Even if petitioner consented to the appeal, there is no basis for certifying the order.
6  Certification under 28 U.S.C. § 1292(b) requires that an order (1) involves a controlling
7  question of law (2) as to which there is a substantial ground for difference of opinion and (3)
8  that immediate appeal from the order may materially advance the ultimate termination of the
9  litigation.  All three of the requirements must be met.  *Couch v. Telescope Inc.*, 611 F.3d 629,
10  633 (2010).

11       The argument in favor of certification focuses on the perceived "substantial ground for
12  difference of opinion" regarding whether they or petitioner have the authority to dismiss
13  potentially meritorious claims.  However, this argument overlooks an independent basis in the
14  order for dismissing the disputed claims — counsel's failure to have petitioner verify the
15  petition (Order Granting Petr's Motion to Withdraw, pp. 3-5).  Counsel have raised no
16  arguments regarding the validity of the Court's application of *Lucky v. Calderon*, 86 F.3d 923,
17  925 (9th Cir. 1996) (holding that in the absence of evidence to the contrary, it is assumed that a
18  petitioner has been informed of and approved of the claims included in a petition, even when
19  the verification is signed by counsel; however, once evidence to the contrary is presented, a
20  petitioner "must demonstrate that the petition was, in fact, authorized").  Nor have they argued
21  that there is a "substantial ground for difference of opinion" as to that holding.  Even if they
22  had, *Lucky* is a well-established decision and has been the law of this circuit for nearly 20 years.
23  Accordingly, petitioner's counsel fails to meet the second prong of the Section 1292(b)
24  analysis.  Since all three prongs must be met, the other two factors need not be evaluated to
25  determine that certification is unwarranted in this case.

26       In the reply, Attorneys Bryan and Eibert make the argument that our court of appeals
27  has already decided the issue "by denying petitioner's *pro per* request to dismiss the same eight
28  claims" and that this Court is bound by that decision (Reply, p. 3).  The order to which counsel

4

refers is an one denying petitioner's writ of mandamus. *Stevens v. United States District Court*, No. 14-71123 (9th Cir. July 7, 2014) (Dkt. No. 3). Specifically, our court of appeals looked at whether or not this Court committed clear legal error in denying petitioner's *pro se* motions because he was appointed by counsel. *Ibid*. It determined that no clear error had been made and, therefore, the extraordinary remedy of mandamus was inappropriate. *Ibid*. While *Jones v. Barnes* was included in a "*cf*" string cite, its inclusion is not dispositive of the issue with which this Court was presented.

Attorneys Bryan and Eibert make a similar argument regarding the court of appeals' determination of this issue in their favor in their recently filed Supplemental Authority in Support of Motion for Certification (Dkt. No. 121). They argue that in *Panah v. Chappell*, No. 13-99010 (9th Cir. April 6, 2015 (Dkt. No. 40), the court of appeals held that counsel can press claims despite petitioner's insistence that they not be raised and based that decision on *Jones v. Barnes* (Supp. Br. at 2).

The Appellate Commissioner decision in *Panah* does not apply here because the situations are not analogous and are in completely different procedural postures. In *Panah*, the petitioner was seeking a substitution of counsel based on a dispute as to which claims to raise (*See* No. 13-99010, Dkt. No. 19-2, p. 1, "Previously they made promises to file crucial facts and laws which are now not pled; if pled, granting the petition would be required," and p. 2, "My simple request is to include and preserve crucial material facts and law which will require granting the petition."). The Appellate Commissioner denied the request, stating, "In order to justify removing another set of experienced legal counsel, more must be shown than the client's apparent disagreement with which issues counsel has raised in the opening brief" (No. 13-99010, Dkt. No. 40).

Here, however, Attorneys Bryan and Eibert failed to get a proper verification on the petition as required by the law of this circuit and are now seeking to file an appeal over the petitioner's express objection, which is prohibited by *Jones v. Barnes*. Neither of these situations were contemplated in *Panah*, nor did the petitioner there actually seek to have claims dismissed from the opening brief.

5

**CONCLUSION**

It is petitioner's right to decide whether to proceed with an appeal. Petitioner has expressed clearly his desire that an appeal of the claims dismissal order not be pursued. Accordingly, it would be improper to certify the order for interlocutory appeal. Even if petitioner consented to the appeal, there is no basis for certifying the order. Counsel's arguments in favor of certification overlook that the failure to get petitioner to verify the petition and petitioner's subsequent efforts to dismiss the claims he does not approve mandate dismissal under *Lucky v. Calderon*, 86 F.3d 923 (9th Cir. 1996).

**IT IS SO ORDERED.**

Dated: May 21, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE